UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CYNTHIA THOMAS,              )<br>                              )<br>          Plaintiff,           )<br>                              )<br>     -vs-                     )<br>                              )<br>                              )<br>                              )<br>DILLON SCHOOL DISTRICT FOUR;  )<br>D. RAY ROGERS, ARTHUR McMILLAN )<br>and POLLY ELKINS;             )<br>                              )<br>          Defendants.         )<br>_____) | Civil Action No.: 4:13-cv-0990-RBH-TER<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

Plaintiff brings this action alleging race discrimination and retaliation in violation of Title VI of the Civil Rights Act of 1964 (Title VI) and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and other civil rights violations pursuant to 42 U.S.C. §§ 1981, 1983 and 1985.[1] She also asserts state law claims for defamation and civil conspiracy. Presently before the Court are Dillon School District Four's (the District) Motion to Dismiss (Document # 7) all claims against it and the individual Defendants' Motions to Dismiss (Documents # 5, 6) the civil conspiracy claim against them. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because these are dispositive motions, this Report and Recommendation is entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

Plaintiff was employed by the Defendant District Four since its inception in 2010 until

---

[1] In her Response (Document # 12) to the District's Motion to Dismiss, Plaintiff stipulates to the dismissal of her Title VI race discrimination claim and her civil rights claim under 42 U.S.C. § 1985.

August 15, 2011, when she was terminated. Prior to being employed by Defendant District Four she was employed by its predecessors, Dillon County School Districts One and Two since August, 2007. Compl. ¶ 1. Throughout Plaintiff's employment she was given various promotions and additional job responsibilities. Compl. ¶¶ 10-12 & 17. During her employment with the District, and its predecessors, Plaintiff realized she was being paid less than similarly situated white co-workers. Compl. ¶¶ 11-15, 17 & 25. Plaintiff complained about this to her supervisors and community leaders. Plaintiff also filed a complaint after her daughter, a student, was verbally assaulted by a then District Two teacher in a racial manner. Compl. ¶¶ 14 & 19-21. Later on July 27, 2011, Plaintiff received proof that she and other black employees were routinely being paid considerably less than their similarly situated white co-workers. Compl. ¶¶ 26 & 28. Upon receiving proof of the pay disparity, Plaintiff complained in writing on August 14, 2011. Compl. ¶ 32. Plaintiff was terminated two days later on August 16, 2011. Compl. ¶ 34.

### III.     STANDARD OF REVIEW

The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

>To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV.   DISCUSSION

### A.   The District's Motion to Dismiss

#### 1.   Title VII claims

The District moves to dismiss Plaintiff's Title VII race discrimination and retaliation claims for Plaintiff's failure to plead that she had exhausted her administrative remedies. "Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.2000); see also 42 U.S.C. § 2000e–5(f)(1). Plaintiff must bring a charge with the EEOC by filing a complaint "within 180 days of the incident, or within 300 days of the incident if state or local proceedings are initiated." Beall v. Abbott Labs., 130 F.3d 614, 620 (4th Cir.1997); 42 U.S.C. § 2000e–5(e)(1); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Here, the 300 day period applies. The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." Davis v. North Carolina Dep't of Corrections, 48 F.3d 134, 136–37 (4th Cir.1995). A person who receives a right-to-sue notice from the EEOC must file any civil action against the respondent named in the charge within 90 days of receipt of such notice. 42 U.S.C. § 2000e–5(f)(1).

Plaintiff alleges in her Complaint that she "filed charges with the appropriate state and federal

agencies, received her right to sue letter and this action is timely." Compl. ¶ 9. The District argues that because Plaintiff did not specifically plead that she filed charges with the EEOC or attach a copy of her right to sue letter, she failed to invoke the jurisdiction of the court. It relies on <u>Davis v. North Carolina Dep't of Corrections</u>, 48 F.3d 134, 140 (4th Cir.1995), in which the Fourth Circuit stated "where '[n]either the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" The District applies too strict a view of the pleading requirements applicable here. Plaintiff specifically pleads that she filed charges with the appropriate federal and state agencies, received a right to sue letter and timely filed this action. To survive a motion to dismiss, a complaint need contain only sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The reasonable inference from Plaintiff's allegations is that she filed charges regarding employment discrimination with the relevant state and federal employment agencies and received a right to sue letter prior to filing her Complaint in this court. The District points to no requirement that a plaintiff attach a copy of her right to sue letter as an exhibit to her complaint. Thus, dismissal of the Title VII claims for failure to exhaust administrative remedies is not appropriate.

### 2.     42 U.S.C. § 1981 and 42 U.S.C. § 1983 claims

The District also moves to dismiss Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983. Plaintiff pleads these claims against Defendants Rogers, McMillan and Elkins in their official capacities as school district employees. Compl. n. 4. The District argues that civil rights actions against government employees in their official capacities are actually suits against the governmental entity and that entity, rather than the individual defendants, is the proper party. Plaintiff argues that even though judgment against a government official in his official capacity imposes liability on the governmental entity, nothing precludes a plaintiff from bringing suit against local government

officials in their official capacities. Official capacity suits represent but another way of pleading an action against the entity of which the officer is an agent. Hughes v. Blankenship, 672 F.2d 403 (4th Cir.1982) (citing Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Further, damages may be awarded against a defendant in his official capacity only if they would be recoverable against the governmental entity itself. Id. (citing Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir.1980)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (citing Brandon v. Holt, 469 U.S. 464, 471-72, 105 S.Ct. 873, 878 (1985)). The District is a named Defendant in this action and thus, to the extent Plaintiff recognizes that any recovery against the individual Defendants in their official capacities would come from the District and not the individual Defendants themselves, this issue is really one of form over substance and does not, of itself, warrant dismissal of these claims against Defendants Rogers, McMillan and Elkin.[2]

Defendant also argues that dismissal of these causes of action is necessary because Plaintiff fails to allege that Defendants Rogers, McMillan and Elkins were acting in accordance with an official policy or custom of the district. A municipality is liable for the actions of its employees under § 1981 and § 1983 only if the employees are carrying out an official practice, policy or custom established by the municipality. Monell, 436 U.S. 658 at 694; Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 109 S.Ct. 2702 (1989); Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995). The District is liable only for acts that it has "officially sanctioned or ordered." Love-Lane v. Martin, 355

---

[2]In Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004), the Fourth Circuit upheld dismissal of claim against the Superintendent of a school board in his official capacity because it was duplicative of a claim already raised against the school board. This is not the case here. The District is a named Defendant, but Plaintiff does not specifically assert his §§ 1981 and 1983 claims against the District.

F.3d 766, 782 (4th Cir. 2004) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S.Ct. 1292 (1986)).

Plaintiff alleges that "the actions complained of herein represent fulfillment of a policy of the Defendant District, willfully carried out by the Individual Defendants in their official capacities, to discriminate against black employees with regard to their wages and the terms and conditions of their employment." Compl. ¶ 62. Plaintiff alleges that white, similarly situated employees were systematically paid more than their black co-workers and sets forth specific factual allegations in support. Id. at ¶ 27. These allegations are sufficient to state a claim for relief that is plausible on its face. Therefore, dismissal of Plaintiff's § 1981 and § 1983 claims is not appropriate.

### 3. Defamation

Finally, the District argues that, because all of Plaintiff's federal causes of action should be dismissed, the court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for defamation. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). However, for the reasons discussed above, the undersigned recommends that the District's Motion to Dismiss be denied as to Plaintiff's federal causes of action. Thus, dismissal of the defamation claim is not appropriate.

**B.     Individual Defendants' Motions to Dismiss**

Defendant Rogers and Defendants McMillan and Elkins filed separate Motions to Dismiss Plaintiff's state law civil conspiracy claim against them. In South Carolina, the tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage. Vaught v. Waites, 300 S.C. 201, 208, 387 S.E.2d 91, 95 (Ct.App.1989). "A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint," and "because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other cause of action." Hackworth v. Greywood at Hammett, LLC, 385 S.C. 110, 682 S.E.2d 871, 874 (2009) (internal citations omitted). While general damages "are the immediate, direct, and proximate result of the" tortfeasor's conduct, special damages "are the natural, but not the necessary or usual, consequence of the" tortfeasor's conduct. Id. at 116–17, 682 S.E.2d at 875.

Plaintiff alleges that the individual Defendants "met, conspired and schemed" to cause Plaintiff harm. Compl. ¶ 71. She alleges they harassed her on a day-to-day basis resulting in the sanctioned verbal abuse of her daughter, the "Siberia treatment" within the district and her termination on baseless grounds. Id. ¶ 72. She alleges that the individual Defendants have isolated and damaged her in her field of service and employment and have inflicted special damages upon her. Id. ¶ 74. She alleges that the civil conspiracy has caused Plaintiff to be ostracized, isolated, and black-listed in her profession, has caused increased stress and anxiety, a loss of companionship with her daughter and forced her to incur attorney's fees to prosecute this action. Id. ¶ 76. Plaintiff does not allege with respect to her other causes of action that she was harassed by the individual Defendants or that she suffered isolation in her profession, increased stress and anxiety, or loss of

companionship with her daughter as a result of the acts of the individual Defendants.[3]  Thus, Plaintiff's allegations are sufficient to state a cause of action for civil conspiracy and dismissal is not appropriate.[4]

## V.  CONCLUSION

For the reasons discussed above, it is recommended that the District's Motion to Dismiss (Document # 7) be granted as to Plaintiff's causes of action under Title VI and 42 U.S.C. § 1985 and denied as to all other causes of action and that the individual Defendants' Motions to Dismiss (Documents # 5 and 6) be denied.

       s/Thomas E. Rogers, III
       Thomas E. Rogers, III
       United States Magistrate Judge

November 8, 2013
Florence, South Carolina

---

[3] Under Ross v. Life Ins. Co. of Virginia, 273 S.C. 764, 259 S.E.2d 814 (1979), an at-will employee may not maintain a civil conspiracy action against her employer where the employee alleges that her employer conspired with others to terminate her employment. However, Plaintiff does not only allege that her termination was part of the conspiracy, she also alleges harassment of her and her daughter and isolation as acts of the conspiracy. See also Reed v. Aiken County, No. 1:09-1744-MBS, 2010 WL 2985805 (D.S.C. July 26, 2010).

[4] Likewise, Defendants' request for a more definite statement should be denied. More specific facts can be developed during discovery.