IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cynthia Thomas, | ) Civil Action No.: 4:13-990-BHH |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Dillon School District Four, D. Ray Rogers, Arthur McMillan, and Polly Elkins, | ) |
| Defendants. | ) |

On April 12, 2013, the plaintiff filed this action against the defendants, alleging claims against her former employer for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981. She has also pled a claim pursuant to 42 U.S.C. § 1983 and state-law claims for defamation and civil conspiracy.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Thomas Rogers, for consideration of pretrial matters. The magistrate judge prepared a thorough Report and Recommendation which recommends that the defendants' motion for summary judgment be granted as to all claims except her wage disparity claim pursuant to Title VII. (ECF No. 66.) Both the plaintiff and the defendant filed timely objections to the Report and Recommendation (ECF Nos. 71, 72) and the plaintiff filed a reply (ECF No. 74). For the reasons set forth herein, the Court adopts the Report and Recommendation.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. The plaintiff filed this matter on November 27, 2013, alleging race discrimination and retaliation related to her employment. (ECF No. 1.) The defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 48.) After consideration of the response filed in opposition to the motion for summary judgment (ECF No. 51) and the defendants' reply (ECF No. 53), the magistrate judge issued a Report recommending that all of the plaintiff's claims should be dismissed with the exception of her one for discriminatory wage disparity. (ECF No. 66.)

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or may recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The report and recommendation is extraordinarily thorough and well reasoned and consistent with the applied analysis the undersigned would expect. Notwithstanding, the Court believes that the entire Title VII and Section 1981 portions of the case should

proceed. Both parties have objected in various ways to the recommendation and the magistrate judge's application of the *McDonnell Douglas* burden shifting framework to the various causes at issue in this case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). The Court, however believes that this lawsuit is the rare case where *McDonnell Douglas* is unnecessary.

As the Fourth Circuit has explained, a Title VII plaintiff may "avert summary judgment . . . through two avenues of proof." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005) (quoting *Hill v. Lockheed Martin Logistics Management, Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (emphasis added). A plaintiff can survive a motion for summary judgment by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision. *Diamond*, 416 F.3d at 318. Pursuant to the 1991 Act, the impermissible factor need not have been the sole factor. As long as it motivated the adverse action, the plaintiff can establish an unlawful employment practice. *See* 42 U.S.C.A. § 2000e-2(m); *see also King v. Hardesty*, 517 F.3d 1049, 1057 (8th Cir. 2008) (permitting use of *Price Waterhouse v. Hopkins*, 490 U.S. 228, 258 (1989) mixed-motive standard in a Section 1981, 1983 case). Alternatively, a plaintiff may "proceed under [the McDonnell Douglas] 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Hill*, 354 F.3d at 285.

In other words, acknowledging the particular difficulty of establishing the sometimes hidden animus that may exist in a business decision, *McDonnell Douglas* is a kind of legal

proxy for what is normally expected in terms of evidentiary proof. Where a plaintiff has a case, however, which includes the typically sufficient kinds of direct and circumstantial evidence necessary to establish the statutory elements of the cause, need for recourse to the judicially contrived burden-shifting framework is alleviated. The Fourth Circuit has held that a plaintiff may prove her discrimination case "under ordinary standards of proof, by direct or indirect evidence relevant to and sufficiently probative of the issue," without reference to *McDonnell Douglas*. *EEOC v. Clay Printing, Co.*, 955 F.2d 936, 940 (4th Cir.1992). The undersigned has recognized this perspective long before decisions like *Brown v. Nucor Corp.*, 785 F.3d 895, 912 (4th Cir. 2015) or others relying on some theory in mosaic or total circumstances. *See Lambert v. Roechling Auto. Duncan, LLP*, 2009 WL 2430661, at *1 (D.S.C. Aug. 6, 2009) (Hendricks, J.).

Using ordinary standards of proof, the plaintiff must demonstrate (1) that she was an employee covered by Title VII; (2) who suffered an unfavorable action by an employer covered by Title VII; and (3) that race was an impermissible factor in the action even if it was not the sole factor. *Diamond*, 416 F.3d at 318; Clay, 955 F.2d at 941. To establish a claim of retaliation under Title VII, a plaintiff must show (1) she engaged in protected activity; (2) the employer took adverse employment action against her; and (3) a causal connection existed between the protected activity and the adverse action. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). In overcoming a motion for summary judgment, therefore, the plaintiff has to "produce direct evidence of a stated purpose to discriminate [on the basis of race] ***and/or circumstantial evidence*** of a stated purpose to discriminate [on the basis of race] of sufficient probative force to reflect a genuine issue of material fact." *Clay*, 955 F.2d at 941(emphasis added).

The plaintiff has submitted the following indirect or circumstantial evidence, of sufficient collective force, effective to create issues of fact as to whether or not she was discriminated and retaliated against on account of her race, in pay and termination:

- The plaintiff received a pay decrease (ECF No. 52-4);
- She was informed that all secretaries would stay on the same pay scale and compensated according to experience (Pl. Dep. at 74; McMillan Dep. at 62);
- Evidence exists, however, in the form of pay sheets, that white secretaries of the same experience were paid more than the plaintiff, who is African American (ECF No. 51-13);
- The plaintiff made a formal written grievance complaining about the wage disparity between herself and white secretaries (Pl. Ex. 16);
- She was literally informed of the termination of her employment on the same day of receipt of her formal grievance in a fairly aggressively worded letter, which specifically referenced, as objectionable, any threat to bring suit (Elkins Dep., Ex. 5)

A jury could reasonably conclude from the corpus of this evidence, in addition to the entire evidentiary story of the plaintiff as detailed in the recommendation, both that the plaintiff was discriminated against with respect to pay and in her termination, on account of her race, and then retaliated against for complaining about the same. The evidence "create[s] a conflict" suitable for juror resolution." *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 216 (4th Cir. 2007). *McDonnell Douglas* specific issues like comparators and the legitimate expectations of her employer, therefore, fall away as unnecessary to resolve. Their relevance is only in their tendency to help establish the kind of liability and

causation already suggested by the above evidence, when such evidence is wanting. In this case it exists. Issues of fact exist as to (1) whether any applicable policy prohibiting her access, as argued by the defendants, was in place; (2) whether she actually violated such policy having been given access by someone with authority (Frances McDuffie) (Pl. Dep. at 82-83); and (3) assuming some policy violation, whether her having accessed the data was really the reason for her extraordinarily swift and aggressive firing. The Court hardly believes it, although the undersigned's view is immaterial. It may have been exactly as the defendants contend. But, the impression is confessed simply by way of emphasizing that a jury might very well conclude that the termination was (a) in retaliation for the discovery and reporting of the disparate pay and (b) literally in furtherance of a scheme to discriminate and hide such discrimination and disparity in pay. In other words, the very proximate termination, express on its face over dissatisfaction that the plaintiff might legally contest the circumstances, is not simply strong evidence from which a jury might reasonably find retaliation but it is literally circumstantial evidence of the underlying discrimination itself, from which a jury could conclude that pay and termination decisions were being made on impermissible considerations like race. Her violation of the policy, as argued, is an alternative theory. Under the strictures of *McDonnell Douglas*, it is called a legitimate, non-discriminatory reason for the termination of her employment. In the context of ordinary standards of proof, it is a jury argument. A reasonable jury may or may not believe it. The plaintiff should have an opportunity to make her case against.

Issues of fact remain as to the plaintiff's claims pursuant to Title VII and 42 U.S.C. § 1983, and the Court would not grant summary judgment as to them. See *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) (stating that Section 1981 claims are analyzed

in keeping with Title VII).

The magistrate judge was right to recommend dismissal of the plaintiff's claim pursuant to 42 U.S.C. 1983 and based on some denial of her rights in free speech. That claim was not pled and has only now been raised. The time for amendment has long now expired (ECF No. 25); none will be permitted.

As to the plaintiff's state law claims for defamation and civil conspiracy, respectfully, the plaintiff's objections are essentially restatements of arguments made to, and rejected by, the magistrate judge. *See Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). Accordingly, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note). The determinations of the magistrate judge, as to both causes of action, did not amount to an impermissible weighing of the evidence, as the plaintiff essentially contends. The Court adopts the legal and evidentiary rationale of the recommendation in dismissing both claims.

## CONCLUSION

After careful consideration of the relevant motions, responses, and objections, the undersigned adopts the Report and Recommendation and incorporates it herein by specific reference to the extent not inconsistent.

It is, therefore, ORDERED that the defendant's motion for summary judgment (ECF No. 48) is GRANTED in part and DENIED in part. Specifically, the motion is GRANTED as to the plaintiff's claims pursuant to 42 U.S.C. § 1983 and for defamation and civil

conspiracy.  It is DENIED as to all of her claims pursuant to Title VII, 42 U.S.C. § 2000(e) *et seq.* and 42 U.S.C. § 1981.

    IT IS SO ORDERED.

                                          /s/Bruce Howe Hendricks
                                          United States District Judge

Greenville, South Carolina
September 21, 2015